**FILED**
**May 13, 2026**
**03:09 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| COLEY DAVIS,<br>　　　　**Employee**, | Docket No. 2024-80-6757 |
| v. | |
| CENTRAL TRANSPORT, LLC,<br>　　　　**Employer**, | State File No. 860389-2024 |
| and | |
| CHEROKEE INS. CO.,<br>　　　　**Carrier**. | Judge Allen Phillips |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

Central moved for summary judgment, contending that no genuine issues of material fact exist regarding Mr. Davis's entitlement to benefits. After a May 11, 2026 hearing, the Court grants the motion.

### Claim History

Mr. Davis suffered an injury at work on May 25, 2024, in a forklift accident, and Central accepted the claim.

Mr. Davis later made a choice from a panel of clinics that Central offered and saw Dr. John Goodfred in October 2025. After evaluating him, Dr. Goodfred completed a Standard Form Medical Report for Industrial Injuries (C-32).

On January 12, the Court entered a scheduling order including a motion deadline of April 10 and set a compensation hearing for May 19. Central filed this motion on April 10. and provided Mr. Davis with proper notice of both the hearing and of its intention to rely upon Dr. Goodfred's C-32 form.

In compliance with Tennessee Rules of Civil Procedure 56.03, Central relied on these undisputed facts based on the C-32:

1

- Mr. Davis was released to return to work on May 25, 2024.
- Mr. Davis was at maximum medical improvement on October 6, 2025.
- Mr. Davis's injury was not primarily related to his employment.
- Mr. Davis has no permanent impairment.
- Mr. Davis needs no further medical treatment.

Mr. Davis did not respond to the motion or appear for the hearing.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2025).

As the moving party, Central must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Davis's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 488 S.W.3d 235, 264 (Tenn. 2015). If Central does either or both, Mr. Davis must respond by producing specific facts showing a genuine issue for trial. Tenn. R. Civ. P. 56.06.

Because Mr. Davis did not respond, the Court must determine if summary judgment is appropriate based on Central's statement of undisputed facts.

Dr. Goodfred's C-32 form is admissible at the summary judgment stage if it complies with certain statutory requirements. *Sadeekah v. Abdelazeez*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *15, n.6 (June 22, 2021). Central complied with those requirements because: it notified Mr. Davis of its intended use of the form within 20 days of the hearing; the form included Dr. Goodfred's qualifications; and no question was raised as to the authenticity of the signed copy of the form. Tenn. Code Ann. § 235(c)(1) and (2) (2025).

Considering the C-32, Central showed there is no genuine issue of material fact regarding Mr. Davis's entitlement to benefits. An injury is compensable only if it is shown to have arisen primarily out of employment, which means the injury was more than 50% related to the employment. *Id.* § 50-6-102(12)(A)-(B). Likewise, an employee is entitled to medical treatment only if the injury is more than 50% related

to the employment. *Id.* § 50-6-102(C).

Dr. Goodfred said Mr. Davis's employment was not the primary cause of his injury or need for medical treatment. Without a contrary opinion, there is no genuine issue of material fact, and Central is entitled to summary judgment as a matter of law.

*Because of the dismissal, the May 19, 2026 compensation hearing is canceled*.

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim is dismissed with prejudice.

2. The Court taxes the $150 filing fee to Central, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2026) within five business days of this order becoming final.

3. Central shall file Form SD-2 with the clerk within ten business days after this order becomes final.

4. Unless appealed, this Order shall become final 30 days after entry.

**ENTERED May 13, 2026.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on May 13, 2026.

| Name | Email | Service sent to: |
|------|-------|------------------|
| Coley Davis, Employee | X | ███████████████ |
| Richard Clark and Karli Sarratt, Employer's Attorneys | X | rclark@eraclides.com ksarratt@eraclides.com |

*Penny Shrum*

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)            RDA 11082